JOHN ADKINS, ET AL. *v.* M. B. ADKINS, ET AL.

[Abstract Kentucky Law Reporter, Vol. 7—686.]

**Grantee's Title No Different from His Grantor's.**

Where a father conveys his real estate as a life estate to his son and fee simple to the children of the son, all for love and affection, and the son afterwards conveys such land back to the father, the father has only an estate for the life of his son and can convey no greater estate than he has.

**Love and Affection as Consideration of Deed.**

Love and affection are considerations sufficient upon which to base a deed of conveyance, and no one can successfully assert that the deed is made to defraud creditors except the creditors themselves.

APPEAL FROM ELLIOTT CIRCUIT COURT.

March 4, 1886.

OPINION BY JUDGE LEWIS:

August 29, 1862, William Adkins conveyed to William A. Adkins, his son, the land in controversy, the consideration expressed in the deed being the faithful performance by the latter of an agreement to support his wife and daughter entered into at the same time. But September 20, 1862, William A. reconveyed the land to William Adkins, Sr., it being recited in the deed that the grantor was unable to comply with the contract made August 29, 1862, and therefore reconveyed the land. June 24, 1865, William Adkins, Sr., for the recited consideration of love and affection for the grantees, conveyed the land to the heirs of William A. Adkins, by him begotten, with the condition that said William A. was to have the use of and occupy the same during his life for cultivation, but not to sell or incumber in any way, it being the object, as recited, to vest the legal title in the heirs of his body and to give him a life estate in the same without the power to sell, dispose of, or in any way incumber.

February 3, 1869, William A. Adkins again conveyed or attempted to convey the land to his father, William Adkins, Sr., the expressed consideration being $600 in hand paid by the grantee, re-

turning to the grantor the obligation that was made in the deed from William Adkins, Sr., to William A. Adkins. On the same day, February 3, 1869, William Adkins, Sr., sold and conveyed the land to appellee, M. B. Adkins, for the consideration of $600, the deed containing a clause of special warranty only, and the latter together with the other appellees to whom he subsequently sold parts thereof, held and claimed it under that deed up to the institution of this action in April, 1883, by appellants, the children of William Adkins, Sr., and seek to recover or to quiet their title to it.

William A. Adkins, the father of the plaintiffs, is still alive, but they say in their reply to the answer of the defendants that if he ever had any estate in the land it has been terminated by him in selling and incumbering in violation of the conditions expressed in the deed in 1865. Appellee, M. B. Adkins, avers he purchased, paid for and received a conveyance for the land from William Adkins, Sr., in 1869, without actual notice of the previous voluntary conveyance by him to appellants in 1865, and never had notice of their claim until this action was commenced. He alleges further and attempts to show that Wm. Adkins, Sr., was at the date of the deed in 1865 in failing circumstances, and made that deed with the fraudulent intent to defraud his creditors.

But as it never has been attached by any creditor we do not perceive how his financial condition at that time, or the purpose with which the deed was made, can affect the issue in this case. Nor do we see the relevancy of an inquiry whether appellee, M. B. Adkins, did or did not have actual notice of the deed of 1865, at the time William Adkins, Sr., sold and attempted to convey the land to him in 1869. As between William Adkins, Sr., and appellants the deed of 1865 was valid and delivered him of the legal title to the land. Whatever estate or interest in the land he afterwards had was the life estate and no more of William A. Adkins conveyed to him February 2, 1869, and it results that M. B. Adkins acquired by the deed to him of the same date no other or greater interest, for both he and his immediate vendor, Wm. Adkins, Sr., or claimed under Wm. A. Adkins, who divested all the interest or right he had under the deed of 1865, that appellees now seek to set aside as fraudulent.

Appellees do not state, nor under the circumstances could they

in our opinion truthfully say, that M. B. Adkins was when the deed was made to him, February 2, 1869, ignorant of the conveyance on the same day by Wm. A. Adkins to his vendor, William Adkins, Sr.  We think as appellees hold under the deed of 1865 they are precluded from denying its validity, and consequently the only interest they have in the land is an estate for the life of William A. Adkins.  Appellants are not entitled to the possession of the land nor to rents until the death of Wm. Adkins.  But as they asked judgment quieting their title and appellees put their title in issue and denied it, the court erred in failing to adjudge them the owners of the remainder subject to the life estate of their father.  Judgment *reversed* and cause remanded for judgment consistent with this opinion.

*H. G. Burns, Hargis & Eastin, for appellants.*

*M. M. Redwine, J. R. Botts, for appellees.*